IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 4:10-CR-70-FL-1

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | ORDER |
| FALANTA SIMMONS, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motion to defer or reduce monthly payment of his fine, (DE 86), which this court construes in part as a motion to modify the court's judgment, and in other part as a motion challenging the execution of his sentence while incarcerated in this district, pursuant to 28 U.S.C. § 2241.

Defendant suggests that the court should be able to modify the original judgment to defer or reduce his payment obligations while incarcerated. The court, however, lacks authority to modify the criminal monetary penalties in the judgment, which are due in full immediately. See Dillon v. United States, 560 U.S. 817, 824 (2010); United States v. Roper, 462 F.3d 336 (4th Cir.2006); United States v. Leary, 2:12-CR-27-BO-5, 2014 WL 1899010 (E.D.N.C. May 12, 2014) (denying motion to modify original judgment to clarify amount of payments under Inmate Financial Responsibility Program (IFRP)). Accordingly, the motion to modify judgment must be denied.

Defendant also suggests that Bureau of Prisons (BOP) improperly is executing his sentence and should be ordered to modify requirements of the IFRP. Such a claim challenging the execution of a fine or restitution order properly is construed as a petition for habeas corpus relief under 28 U.S.C. § 2241. Coleman v. Brooks, 133 F. App'x 51, 53 (4th Cir. 2005). A federal prisoner

challenging the execution of his sentence must exhaust administrative remedies before seeking review in federal court pursuant to § 2241. See Woodford v. Ngo, 548 U.S. 81, 88–89 (2006); McClung v. Shearin, 90 F. App'x 444, 445 (4th Cir. 2004) (per curiam). Failure to exhaust may be excused only upon a showing of cause and prejudice. McClung, 90 F. App'x at 445. Defendant has not asserted any cause and prejudice for his failure to exhaust administrative remedies. See 28 C.F.R. §§ 542.13 to 542.15. In addition, the court refers defendant to the government's summary of the BOP regulations and policies governing administration of the IFRP, as well as the documentation regarding the BOP administration of defendant's IFRP account, (DE 87-1 to 87-4), which suggests that the BOP properly has calculated defendant's IFRP monthly payment.

In sum, petitioner's § 2241 petition will be dismissed without prejudice to allow him the opportunity to exhaust his administrative remedies, if he chooses to do so.

## CONCLUSION

Based on the foregoing, defendant's motion to modify his payment schedule is DENIED, and defendant's § 2241 motion challenging the execution of his sentence is DISMISSED WITHOUT PREJUDICE to allow defendant the opportunity to exhaust his administrative remedies.

SO ORDERED, this the 16th day of December, 2016.

LOUISE W. FLANAGAN
United States District Judge